**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

NEPTALI AGUERO,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

     Plaintiff,

     v.

LJNK ENTERPRISES, INC. d/b/a SERVEPRO OF HOBOKEN/UNION CITY, LANCE L. HARVEY, and JENNIFER L. HARVEY

     Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**,

---

Plaintiff NEPTALI AGUERO ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against LJNK ENTERPRISES d/b/a SERVEPRO OF HOBOKEN/UNION CITY, LANCE L. HARVEY, and JENNIFER L. HARVEY (collectively, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff AGUERO alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover

1

from Defendants: (1) unpaid wages due to time shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2.     Plaintiff AGUERO alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) liquidated damages, (3) statutory penalties, and (4) attorneys' fees and costs.

3.     Plaintiff AGUERO alleges, pursuant to the New Jersey Wage and Hour Law ("NJWHL"), that others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) liquidated damages, (3) statutory penalties, and (4) attorneys' fees and costs.

4.     Plaintiff AGUERO further alleges, pursuant to the New Jersey Wage Payment Law ("NJWPL"), that others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) liquidated damages, (3) statutory penalties, and (4) attorneys' fees and costs.

5.     Plaintiff AGUERO further alleges, pursuant to Sections 215 and 200 of the NYLL, that Defendants engaged in unlawful retaliation against him when they terminated him for requesting that they provide him with Personal Protective Equipment (PPE) as required under New York law. He is entitled to recover from Defendants (1) compensatory damages, (2) punitive damages, and (3) attorneys' fees.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this District.

## PARTIES

*Plaintiff:*

8.  Plaintiff AGUERO is a resident of Queens County, New York.

*Defendants:*

9.  Corporate Defendant LJNK ENTERPRISES, INC. d/b/a SERVEPRO OF HOBOKEN/UNION CITY is a Serve Pro franchise that specializes in commercial cleaning and building restoration. It is organized under the laws of New Jersey and headquartered at 51 Fairmont Avenue, Jersey City, NJ 07304, with the same address for service of process.

10. Individual Defendant LANCE L. HARVEY is the owner and president of LJNK ENTERPRISES, INC.

11. LANCE L. HARVEY exercised functional control over the business and financial operations of LJNK ENTERPRISES, INC. and over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and Class Members. With respect to Plaintiff, FLSA Collective Plaintiffs and Class Members, LANCE L. HARVEY exercised his power to (and also delegated to managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (iv) otherwise affect the quality of employment. LANCE L. HARVEY had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

12. Individual Defendant JENNIFER L. HARVEY is the owner and vice-president of LJNK ENTERPRISES, INC.

13. JENNIFER L. HARVEY exercised functional control over the business and financial operations of LJNK ENTERPRISES, INC. and over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and Class Members. With respect to Plaintiff, FLSA Collective Plaintiffs and Class Members, JENNIFER L. HARVEY exercised his power to (and also delegated to managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (iv) otherwise affect the quality of employment. JENNIFER L. HARVEY Individual Defendants had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

14. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

**STATEMENT OF FACTS**

16. From around June 2020 until November 15, 2020, Plaintiff was employed by Defendants, cleaning and disinfecting the "F" subway line in New York City. Defendants had a contract with MTA to clean the "Q" and "D" trains as well. Defendants also perform other commercial cleaning and building restoration work in both New York and New Jersey.

17. Plaintiff was paid $15/hour through a prepaid Mastercard. He never clocked in and out.

18. From the start of his employment until in or about August 2020, Plaintiff worked 3 days a week from 6:00 am to 4:00 pm. From in or about August 2020 until the end of his employment with Defendants, Plaintiff worked 3 days a week from 6:00 am to 7:00 pm. In addition to the foregoing shifts, Plaintiffs would occasionally work additional shifts between 1:00 am and 10:00 am.

19. For all his shifts, Plaintiff was required to arrive and begin work 15 minutes before his scheduled shift and to stay on working 15 minutes past his scheduled shift. However, he was always paid only for his scheduled shift and not for this additional time.

20. Through their unlawful time-shaving practices, Defendants injured Plaintiff, FLSA Collective Plaintiffs, and Class members by categorically reducing their compensable time every week.

21. Plaintiff did not receive a wage and hour notice. He also did not receive wage statements, since his wages were directly deposited in a prepaid Mastercard.

22. Throughout his employment with Defendants, Plaintiff regularly observed and spoke to his co-workers about Defendants' pay practices and policies. Based on Plaintiff's direct observations and conversations with other employees, Plaintiff, FLSA Collective Plaintiffs and Class Members were subjected to the same unlawful time shaving practices.

23. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and the Class all wages due and for all hours worked, in violation of the FLSA, NYLL, and NJWHL.

24. Defendants were legally required to provide Personal Protective Equipment (PPE) to Plaintiff and other employees cleaning and disinfecting New York City subway stations. Defendants did not provide this and instead required Plaintiff and other employees to bring their own protection.

25. On November 15, 2020, however, Plaintiff had run out of PPE and so asked his supervisors, Felix and Gabriel, to provide him with some that day. Both refused, with Gabriel firing him on the spot and telling him "You're not on the schedule anymore."

26. Defendants unlawfully retaliated against Plaintiff in violation of NYLL when they fired him for simply requesting that Defendants comply with the law by providing him with PPE.

27. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt cleaning and restoration crew members employed by Defendants in either New York or New Jersey on or after the date that is three (3) years before the filing of this Complaint ("FLSA Collective Plaintiffs").[1]

29. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and

---

[1] Plaintiff may bring his FLSA claims on behalf of employees of Defendants who worked in New Jersey because multiple courts in this District have found that "[a]s a remedial statute, Congress intended for nationwide FLSA collective actions" and that "[a]pplying *Bristol-Myers* to FLSA collective actions would countermand that purpose." *Meo v. Lane Bryant, Inc.*, 2019 U.S. Dist. LEXIS 174552, *37, 2019 WL 5157024 (E.D.N.Y. Sept. 30, 2019) (citing *Mason v. Lumber Liquidators, Inc.*, 2019 U.S. Dist. LEXIS 80654, *6, 2019 WL 2088609 (E.D.N.Y. May 13, 2019)).

have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them all wages owed due to a policy of time shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

30. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS**

31. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt cleaning and restoration crew members employed by Defendants in either New York or New Jersey on or after the date that is six (6) years before the filing of this Complaint (the "Class" or "Class members").[2]

---

[2] Plaintiff has standing to bring claims under New Jersey law because "as long as the named plaintiffs have standing to sue the named defendants, any concern about whether it is proper for a class to include out-of-state, nonparty class members with claims subject to different state laws is a question of predominance under Rule 23(b)(3), … not a question of 'adjudicatory competence' under Article III." *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 93 (2nd Cir. 2018) (quoting *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011)). The court has jurisdiction over these claims because the "court may assert jurisdiction over a foreign corporation 'to hear any and all claims against [it]' … when the corporation's affiliations with the State in which suit is brought are so constant and pervasive "as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S. A.* v. *Brown*, 564 U. S. 915, 919 (2011)). While Corporate Defendant is headquartered and incorporated in New Jersey, a very significant portion of its business consists in work performed in New York City, which suffices to establish general personal jurisdiction. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2nd Cir. 2016).

32. Plaintiff will seek to certify claims under NYLL for Class members who performed work for Defendants in New York ("New York Class members") and under NJWHL and NJWPL for Class members who performed work for Defendants in New Jersey ("New Jersey Class members").

33. At all relevant times, Plaintiff and Class members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure to pay all wages owed due to a policy of time shaving.

34. The Class Members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

35. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) Class Members in the Class.

36. Plaintiff's claims are typical of claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class or in separate actions. All Class Members were subject to the same corporate practices of

Defendants, as alleged herein, of failing to pay all wages owed due to a policy of time shaving in violation of both the NYLL, NJWHL, and NJWPL.

37. Defendants failed to provide proper wage notices and failed to provide proper wage statements to Class members in violation of the NYLL and NJWPL.

38. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

39. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

40. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great

expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

41. Defendants and other employers throughout the country violate their respective states' labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

42. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and Class members within the meaning of the NYLL, NJWHL, and NYWPL;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

    d) Whether Defendants paid Plaintiff and Class Members for all hours worked given Defendants' policy of time shaving;

    e) Whether Defendants provided proper wage statements to Class Members per requirements of the NYLL and NJWPL; and

  f) Whether Defendants provided proper wage notices to Class Members per requirements of the NYLL and NJWPL.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

43. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

44. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

46. At all relevant times, Defendants had gross annual revenues in excess of $500,000.

47. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs overtime wages for all overtime hours worked, in violation of the FLSA.

48. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49. Defendants showed a willful disregard for the provisions of the FLSA as evidenced by their willful failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked.

50. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

52. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount to be determined at trial, plus an equal amount as liquidated damages.

53. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

(brough individual and on behalf of all New York Class members)

54. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

55. At all relevant times, New York Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

56. Defendants knowingly and willfully failed to pay Plaintiff and New York Class members all wages owed due to a policy of time shaving, in violation of the New York Labor Law.

57. Defendants knowingly and willfully failed to provide Plaintiff and New York Class members with proper wage statements as required under the New York Labor Law.

58. Defendants knowingly and willfully failed to provide Plaintiff and New York Class members with proper wage and hour notices as required under the New York Labor Law.

59. Due to the Defendants' New York Labor Law violations, Plaintiff and New York Class members are entitled to recover from Defendants unpaid wages, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the New York Labor Law.

## COUNT III

### VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW
(brough on behalf of New Jersey Class members)

60. Plaintiff realleges and incorporates all the foregoing paragraphs of the Class and Collective Action Complaint as if fully set forth herein.

61. At all relevant times, New Jersey Class members were employed by Defendants within the meaning of the NJWHL.  N.J. Stat. Ann. § 34:11-56a1(h).

62. NJWHL requires that covered employees be compensated for all hours worked.

63. Defendants knowingly and willfully failed to pay New Jersey Class members all wages owed, in violation of the NJWHL.

64. Pursuant to N.J. Stat. Ann. § 34:11-56a25, employers, such as Defendants, who fail to pay an employee wages in conformance with the NJWHL shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT IV

### VIOLATIONS OF NEW JERSEY WAGE PAYMENT LAW
(brough on behalf of New Jersey Class members)

65. Plaintiff realleges and incorporates all the foregoing paragraphs of the Class and Collective Action Complaint as if fully set forth herein.

66. Defendants are employers under NJWPL, N.J. Stat. Ann. § 34:11-4.1(a).

67. As employees, New Jersey Class members are entitled to the protections of the New Jersey Wage Payment Law ("NJWPL"). N.J. Stat. Ann. § 34:11-4.1(b).

68. The NJWPA mandates that an employer "pay the full amount of wages" due to the employee. N.J.S.A. § 34:11-4.2.

69. NJWPL requires employers to provide employees with notice of their rate of pay at the time of hiring and with wage statements for each pay period in which any deductions are made. N.J.S.A. § 34:11-4.6.

70. Defendants failed to provide either wage notices or wage statements.

71. As set forth herein, Defendants violated NJWPL by failing to compensate New Jersey Class members for all hours worked.

72. New Jersey Class members seek all applicable damages, including but not limited to compensatory, statutory, and punitive damages, as well as attorneys' fees.

## COUNT V

## RETALIATION UNDER NYLL

73. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

74. Defendants willfully violated the New York Labor Law by retaliating against Plaintiff when they terminated his employment simply because he requested the PPE that Defendants were legally required to provide to him and other employees.

75. Defendants' actions constitute a violation of Sections 215 and 200 of the NYLL, as well as Sections 66-3.2(c)–(d) of the New York Codes, Rules, and Regulations ("NYCRR").

76. In relevant part, NYLL § 215(1)(a) states:

> No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, <u>reasonably and in good faith, believes violates any provision of this chapter</u>, or any order issued by the commissioner. . . . (emphasis added).

77. In relevant part, NYLL § 200 states:

> General duty to protect health and safety of employees; enforcement. 1. All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places.

78. Defendants breached their general duty to protect the health and safety of their employees by failing to provide them with PPE as required by Sections 66-3.2(c)–(d) of the NYCRR:

> (c) Any employee who is present in the workplace shall be provided and shall wear a mask or face-covering when in direct contact with customers or members of the public, or when unable to maintain social distance. Businesses must provide, at their expense, such face coverings for their employees.
>
> (d) Business operators and building owners, and those authorized on their behalf or otherwise authorized to use the building shall deny admittance to any person who fails to comply with this section and shall require or compel such persons' removal. Provided, however, that this regulation shall be applied in a manner consistent with the federal American with Disabilities Act, New York State or New York City Human Rights Law, and any other applicable provision of law.

79. Not only did Defendants fail to provide PPE as required by law, they went on to unlawfully retaliate against Plaintiff by firing him upon his request for such. Plaintiff was terminated simply for asking that Defendants follow the law.

80. Plaintiff suffered economic losses as well as emotional and mental distress as the result of Defendants' unlawful retaliation.

81. Due to Defendants' retaliation, Plaintiff is entitled, pursuant to the NYLL, to recover from Defendants back and front pay, compensatory damages, punitive damages, and all other penalties the Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, NJWHL, and NJWPL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the FLSA, NYLL, NJWHL, and NJWPL;

d. An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to the FLSA;

e. An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NYLL;

f. An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NJWHL and NJWPL;

g. An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representative of the Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: May 21, 2021

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By:   */s/ C.K. Lee*

C.K. Lee, Esq. (CL 4086)
148 West 24th Street, Eighth Floor,
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181